`UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:18-CR-89-PLR-DCP-2 |
| | ) | |
| DAKOTA I. GARMANY | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant's *pro se* motions for compassionate release pursuant to 18 U.S.C. § 3582 [Doc. 34, 83]. Her request for compassionate release to the Warden at FMC Carswell was denied on June 9, 2020 [Doc. 81].

Defendant is 20 years old and suffers from Hepatitis C, asthma, and hypertension. Additionally, she seeks compassionate release to care for her ailing grandparents. Defendant tested positive for COVID-19 on July 19, 2020 and on July 20, her housing unit at FMC Carswell was placed on isolation. Defendant contends that her medical conditions constitute "extraordinary and compelling reasons" under § 3582 that warrant a sentence reduction, particularly in light of the current COVID-19 pandemic.

Defendant pleaded guilty to possession of with intent to distribute methamphetamine, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). She was sentenced to 60 months imprisonment on March 19, 2019 [Doc. 51. She is presently scheduled to be released from federal custody on May 31, 2022.

A district court may only amend a final judgment when Congress has given it authority to do so by statute. *United States v. Thompson,* 714 F.3d 946, 948 (6th Cir. 2013). Courts are receiving release requests under two distinct statutory "mechanisms" during the current pandemic – the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281 (2020), and what is often referred to as the "compassionate release" framework set forth in 18 U.S.C. § 3582(c)(1)(A).

First, Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). CARES Act, Pub. L. No. 116-136, 134 Stat. 281 (2020). The CARES Act places decision making authority solely within the discretion of the Attorney General and the Director of the Bureau of Prisons. *See id; accord* 18 U.S.C. § 3624(c)(2). Courts therefore do not have power to grant relief under Section 12003 of the CARES Act.

Alternatively, 18 U.S.C. § 3582(c)(1)(A)(i) allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." Section 3582(c), as amended by the First Step Act of 2018, provides that a court, upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds "extraordinary and compelling reasons warrant such a reduction . . . and such a reduction is consistent

with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

**A. Exhaustion**

The plain language of § 3582(c)(1)(A), as amended by the First Step Act, gives the Court authority to act "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § § 3582(c)(1)(A). District courts have recognized that the language of § 3582(c)(1)(A) requires the defendant to file an administrative request with the Bureau of Prisons "and then either exhaust administrative appeals or wait 30 days after submitting his request to the Bureau of Prisons." *See, e.g., United States v. Heromin,* 2019 WL 2411311 at *1 (M.D.Fla. Jun. 7, 2019); *United States v. Corker,* 2020 WL 1877800 at *4 (E.D.Tenn. Apr. 15, 2020).

Here, defendant filed an administrative request with the Bureau of Prisons which was denied on June 9, 2020. More than thirty days has passed since the Warden's denial. Accordingly, the Court concludes that it has authority under § 3582(c)(1)(A) to address the instant motion.

**B. Merits**

The Application Notes to Guideline § 1B1.13 provide that a court may find extraordinary and compelling reasons exist for compassionate release if defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory. A specific prognosis of life expectancy (i.e., a probability of death within a

3

specific time period) is not required. USSG § § 1B1.13, cmt. n. 1. The Court may also consider whether defendant is (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive impairment, or (3) experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *Id.*

Here, defendant has not shown that she meets any of the criteria for compassionate release. Defendant is not suffering from a terminal illness. Although she is suffering from several serious physical conditions, she has not provided the court with any medical records showing she is suffering any serious consequences from these conditions. Defendant admits she is receiving medical care and medication from the Bureau of Prisons. Nor is defendant suffering from a serious functional or cognitive impairment. Finally, defendant has not shown that her medical conditions substantially diminish her ability to provide self-care in the correctional facility.

While the Court sympathizes with defendant's concerns, a generalized risk of developing the more severe symptoms associated with COVID-19 are not the type of "extraordinary and compelling reasons" that justify compassionate release. *United States v. Shah,* 2020 WL 1834930 at *2 (E.D.Mich. Apr. 22, 2020) (Speculation as to whether COVID-19 will spread through defendant's detention facility, whether defendant will contract COVID-19, and whether he will develop serious complications do not justify the extreme remedy of compassionate release). The Bureau of Prisons is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates.

4

Moreover, a reduction of defendant's sentence would not be consistent with the relevant policy statement, USSG § 1B1.13(3), and the factors set forth in 18 U.S.C. § 3553(a). The § 3553(a) factors include – the history and characteristics of the defendant, the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense, the sentencing range established for defendant's offense and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. In consideration of these factors, a court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes described in § 3353(a) including reflecting the seriousness of the offense and providing just punishment.

Here defendant's guideline range for the offense was 130 – 162 months, but defendant received a below-guideline sentence of 60 months due to her youth (age 19 at the time of sentencing). Defendant has served approximately 16 months of her 60 months sentence. Granting compassionate release to a defendant who has served such a small portion of her sentence would fail to reflect the seriousness of her offense, promote respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). Courts generally grant compassionate release only to defendants who have served a significant portion of their sentences. *See United States v. William Gregory Maupin,* Criminal Case No. 1:16-CR-86 (E.D.Tenn. Jun. 20, 2019) (denying motion for compassionate release where defendant suffering from terminal illness had only served one third of below-guideline sentence). In considering sentence reductions under § 3553(a) and the First Step Act, most courts treat compassionate release due to medical conditions

5

as a rare event. *See United States v. Willis,* 382 F. Supp. 3d 1185 (D.N.M. 2019) (collecting cases). The Court finds that granting defendant a sentence reduction under the facts of this case would risk creating "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Accordingly, for all the reasons discussed above, defendant's motions for compassionate release under § 3582 [Doc. 81, 83] are **DENIED.**

Defendant's motion for appointment of counsel [Doc. 84] is also **DENIED.**

The Clerk is directed to send a copy of this Memorandum and Order to Dakota Garmany, Reg. No. 53454-074, Federal Medical Center, Carswell, P.O. Box 27137, Fort Worth, Texas 76127.

**IT IS SO ORDERED.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**