UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-089 |
| | ) | |
| DAKOTA I. GARMANY | ) | |

## MEMORANDUM AND ORDER

Before the Court is *pro se* petitioner Dakota I. Garmany's motion for reconsideration [Doc. 87]. On August 21, 2020, the Honorable Pamela L. Reeves denied Garmany's motion for compassionate release pursuant to 18 U.S.C. § 3582 [Doc. 86]. Petitioner now asks the Court to reconsider its denial.

The Federal Rules of Criminal Procedure do not provide for motions to reconsider, but courts typically evaluate such motions "under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." *United States v. Jarnigan,* 2008 WL 5248172 at *2 (E.D.Tenn. Dec. 17, 2008) (collecting cases). Federal Rule of Civil Procedure 59(e) permits the filing of a motion to alter or amend a judgment if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Am. Civil Liberties Union of Ky v. McCreary Cnty, Ky.,* 607 F.3d 439, 450 (6th Cir. 2010). But the Sixth Circuit has repeatedly held that Rule 59(e) does not permit the parties to re-argue a case. *Schellenberg v. Twp. Of Bingham,* 436 Fed. Appx. 587, 598 (6th Cir. 2011). Here, Garmany has not presented any basis upon which this Court may reconsider its denial of her motion.

She does not identify any error of law, newly discovered evidence, intervening change in controlling law, or manifest injustice that would warrant reconsideration of Judge Reeves' order denying compassionate release. The arguments presented by petitioner were considered and rejected in Judge Reeves' Memorandum and Order denying her motion for relief. *See U.S. ex rel. Am. Textile Mfrs. Inst. Inc. v. Limited, Inc.,* 179 F.R.D. 541 n. 9 (S.D.Ohio 1998) (If the movant simply regurgitates arguments previously presented then the movant's proper recourse is an appeal to the circuit court). Because Garmany has not demonstrated a sufficient basis for the Court to rule differently, her motion for reconsideration [Doc. 87] is **DENIED.**

    **IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

2

Case 3:18-cr-00089-RLJ-DCP   Document 89   Filed 10/05/20   Page 2 of 2   PageID #: 654